Marc Allen Mikel v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-052-CR

MARC ALLEN MIKEL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 3 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

After pleading not guilty, Appellant Marc Allen Mikel (“Mikel”) was convicted of the misdemeanor offense of failure to identify.  The trial court sentenced Mikel to seventy-five days’ confinement in the county jail and assessed a $100 fine.  In two points, Mikel contends that (1) the evidence was legally insufficient to support the conviction and (2) the trial court erred in denying Mikel’s motion for an instructed verdict.  We will reverse.

On July 14, 2003, Mikel entered the lobby of the Denton County Sheriff’s office in order to file a welfare concern report on his children, who were in his ex-wife’s custody.  Deputy Ryan Robertson of the Denton County Sheriff’s office asked Mikel for his name and date of birth.  In response, Mikel provided a false last name and date of birth.
(footnote: 2)  Later that day, Mikel identified himself to Deputy Robertson with his correct name and date of birth.  Deputy Robertson then arrested Mikel for failure to identify.

A person commits an offense of failure to identify if he intentionally gives a false or fictitious name, residence address, or date of birth to a peace officer who has (1) lawfully arrested or detained the person or (2) requested the information from a person that the peace officer had good cause to believe is a witness to a criminal offense. 
Tex. Penal. Code Ann. §
 38.02(b) (Vernon Supp. 2004–05).

Mikel contends that the evidence is legally insufficient to sustain his conviction for failure to identify and that the trial court erred by denying his motion for instructed verdict.  Specifically, he argues that there was no evidence that he was legally detained by Deputy Robertson or that Deputy Robertson had good cause to believe that Mikel was a witness to a criminal offense.  The State, in its brief, confesses error and agrees with Mikel’s contention that the evidence is legally insufficient to support his conviction for failure to identify.  The State explains that it is unable to locate any authority to support an argument that Mikel was detained within the meaning of the statute at the time he gave the false information.  Without proof that Mikel was either lawfully arrested, lawfully detained, or a witness to a criminal offense, a rational jury could not have found beyond a reasonable doubt each element of the charged offense.  
See id
.
  Therefore, we sustain Mikel’s first point, reverse the cause, and order a judgment of acquittal.
(footnote: 3)

PER CURIAM

PANEL F: WALKER, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 31, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Deputy Robertson testified that Mikel initially spelled his name M-a-r-k M-i-c-h-a-e-l and gave a date of birth of 12-25-62.  It was later confirmed that Mikel’s name is spelled M-a-r-c M-i-k-e-l and his date of birth is 12-05-62.

3:
Because our holding regarding Mikel’s first point disposes of this appeal, we need not reach Mikel’s remaining point. 
 
See 
Tex. R. App. P.
 47.1.